**Ex parte Daniel Lee AINSWORTH.**

**No. 10–06–00073–CR.**

Court of Appeals of Texas,
Waco.

April 18, 2007.

Daniel Lee Ainsworth, Tennessee Colony, TX, pro se.

John C. Paschall, Franklin County District Atty., Franklin, TX, for Appellee/Respondent.

## DISSENTING OPINION TO ABATEMENT ORDER

TOM GRAY, Chief Justice.

I dissent.[1] "A court of appeals must not affirm or reverse a judgment ... if ... the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals." TEX.R.APP. P. 44.4(a). Here, the case is properly presented to this Court; the habeas court's action is ready to be, can be, and should now be reviewed by this Court.

The rules simply do not give us the authority to abate a proceeding to allow the trial court the opportunity to change his ruling.[2] There are no do-overs, no mulligans, for the trial court. Once the decision is final and has been appealed, the trial court's opportunity to change, as opposed to clarifying, its ruling will properly come, if ever, only after we have remanded the proceeding for further action by the trial court.

## APPENDIX

### ABATEMENT ORDER
PER CURIAM

Daniel Ainsworth appeals from the trial court's action in ruling on an application for writ of habeas corpus.

In response to an abatement order that we issued, the trial judge has informed us that there is a conflict in the judgment

1. The majority refused to publish its abatement order as I requested. In order that this dissenting opinion might be more meaningful to the public, I have attached the text of the order as an appendix.

2. In all probability, we will not have jurisdiction of the order that the habeas court intends to render as a result of this abatement. In response to our earlier abatement order to clarify the habeas court's ruling, that court unequivocally stated its intent to deny relief on the merits. Giving effect to that intent, we currently have jurisdiction of this appeal. Nonetheless, the basis of the present abatement is the habeas court's "contention" that the writ should not have been issued because that court believes the application is procedurally defective. Nevertheless, the habeas court did issue the writ in response to the application and denied relief on the merits. There may be a conflict in the wording of the habeas court's order, but resolution, if any, of that conflict is the proper subject of appellate review.

that he signed. Although it "denied" Ainsworth's application for a writ, it also provided that the prior "judgment should in all things be reversed and barred from further prosecution." The judge states: "it is today the contention of this Court that this Order was improvidently granted due in large part to the fact that at the time of the entry of the Order denying the issuance of the writ, the trial court was unaware that the procedural rules set forth in Art. 11.09 of the Texas Code of Criminal Procedure had not been followed."

Rule of Appellate Procedure 44.4 provides that a judgment must not be affirmed or reversed nor an appeal dismissed if the trial court's erroneous action prevents the proper presentation of the case to the court of appeals and the trial court can correct its action. TEX.R.APP. P. 44.4(a). In such event, the court of appeals must direct the trial court to correct the action, and then proceed as if the erroneous action had not occurred. *Id.* 44.4(b).

The trial judge says his order was an error, and based on the conflict within the order itself, we agree. Thus, we abate this appeal with directions to conduct any necessary hearings, make appropriate findings and recommendations, enter a corrected order, and have a record of the proceedings prepared within seventy-five (75) days after the date of this Order.

The trial judge shall also enter a certification of the right to appeal from the revised order. *Id.* 25.2(a)(2).

The trial court clerk is ordered to prepare a supplemental clerk's record containing all orders and findings of fact and conclusions of law which the trial court renders or makes and file the supplemental clerk's record with the Clerk of this Court within ninety (90) days after the date of this Order.

The court reporter is ordered to prepare and file a supplemental reporter's record within ninety (90) days after the date of this Order of any hearing held in response to this Order.